UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALLEN BRIDGET, SR.**<br>    **LA. DOC #191215**<br>**VS.** | **CIVIL ACTION NO. 6:15-0293**<br><br>**SECTION P**<br><br>**JUDGE DOHERTY** |
| **LOUISIANA STATE PENITENTIARY** | **MAGISTRATE JUDGE HILL** |

<u>REPORT AND RECOMMENDATION</u>

*Pro se* petitioner Allen Bridget, Sr. ("Bridget") filed the instant petition for federal *habeas corpus* relief on February 10, 2015.  Petitioner is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, where he is serving a ten year sentence imposed by the Sixteenth Judicial District Court for St. Mary Parish, Louisiana, following his 2005 conviction for possession of cocaine and his subsequent adjudication as an habitual offender.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.  For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** for lack of jurisdiction.

<u>LAW AND ANALYSIS</u>

By this proceeding, Bridget attacks his 2005 conviction for possession of cocaine and his subsequent adjudication as an habitual offender and the ten year sentence imposed by the Sixteenth Judicial District Court for St. Mary Parish, Louisiana.  This court's records demonstrate that Bridget has filed a previous federal petition for writ of *habeas*

*corpus* in which he attacked this same conviction and sentence. *Allen Bridget, Sr. v. Warden, C. Paul Phelps Correctional Center*, No. 6:10-cv-1226 (W.D. La. 2010). Bridget asserted the following claims for relief: (1) that his sentence is excessive under the Eighth Amendment to the United States Constitution; (2) that he received ineffective assistance of counsel at the multiple offender proceeding because counsel did not object to the "false allegations about the Indecent Behavior with a juvenile charge" and failed to raise petitioner's addiction to drugs in mitigation of his sentence; and (3) that his guilty plea was involuntary based on counsel's alleged promise of a sentence of no more than five years.

That petition was denied and dismissed with prejudice on May 9, 2011 pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts because the petition and exhibits annexed thereto clearly established that petitioner was not entitled to federal *habeas corpus* relief and because petitioner's claims were procedurally defaulted. *See Allen Bridget, Sr. v. Warden, C. Paul Phelps Correctional Center*, No. 6:10-cv-1226 at rec. docs. 10 and 11.

Bridget filed the instant petition for federal *habeas corpus* relief on February 10, 2015. In this petition, Bridget again seeks to attack his 2005 conviction for possession of cocaine and his subsequent adjudication as an habitual offender for which he was sentenced to ten years imprisonment. Although unclear, in his "Memorandum in Support of Petition to Annul Judgment or Order" [rec. doc. 1-1] petitioner appears to asserts that the Louisiana Habitual Offender statute La. R.S. 15:529.1 is unconstitutional.

2

This is Bridget's second attempt to collaterally attack, in this Court, his Louisiana state court conviction for possession of cocaine for which a ten year habitual offender sentence was imposed by the Sixteenth Judicial District Court for St. Mary Parish, Louisiana, which conviction and sentence was the subject of his previous federal petition. The instant action is therefore unquestionably a § 2254 action which under 28 U.S.C. § 2244 is "second or successive".[1]

The petition attacks the same conviction and sentence that was the subject of Bridget's previous petition. The claims raised herein could have been raised in the previous petition. Moreover, Bridget's first petition was adjudicated on the merits, and was denied and dismissed with prejudice by this court because the claims raised therein were either procedurally defaulted, without merit, or both.[2]

---

[1] The Supreme Court has found that the phrase "second or successive" does not encompass all "applications filed second or successively in time." " *In re Lampton*, 667 F.3d 585, 588 (5th Cir. 2012) citing *Magwood v. Patterson*, 561 U.S. 320, 130 S.Ct. 2788, 2796 (2010). Rather, it "must be interpreted with respect to the judgment challenged." *Id*. citing *Magwood*, 130 S.Ct. at 2797. AEDPA's bar on second or successive petitions therefore applies to a later-in-time petition that challenges the same judgment imposing the same sentence as an earlier-in-time petition. *Id. citing Burton v. Stewart*, 549 U.S. 147, 156, 127 S.Ct. 793 (2007). The Supreme Court has further held that the phrase "second or successive" applies to an entire application, not individual claims in an application. *Magwood*, 130 S.Ct. at 2798 ("AEDPA uses the phrase 'second or successive' to modify 'application.'").

The Fifth Circuit has found that "an application filed after a previous application was adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir. 1999) citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). Thus, the Fifth Circuit has suggested a focus of the inquiry is whether in the prior petition, the petitioner received an adjudication on the merits of his claims.

The Fifth Circuit has also found that a later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *In Re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).

[2] Although a dismissal of a claim based on the procedural default doctrine does not include an examination of the merits of the underlying substantive claim, such a dismissal is considered an adjudication of the merits for purposes of determining whether a subsequent motion is successive under

Before a second or successive petition may be considered by this Court, Bridget must obtain authorization to file the second or successive petition from the Fifth Circuit in accordance with 28 U.S.C. § 2244(b)(3)(A).[3] The record does not show in this case that Bridget has received such authorization. Until such time as Bridget obtains said authorization, this Court is without jurisdiction to proceed. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

The law is clear that this Court cannot entertain the merits of this petition without authorization from the Fifth Circuit as mandated by 28 U.S.C. § 2244(b)(3)(A). The record fails to show that petitioner has received such authorization from the Fifth Circuit. Therefore, the undersigned finds that this petition should be dismissed.[4] Accordingly;

---

AEDPA. *See Bates v. Whitley*, 19 F.3d 1066, 1067 (5th Cir. 1994) ("A federal *habeas* court's rejection of a petitioner's constitutional claim because of state procedural default and a failure to show cause and prejudice must be regarded as a determination on the merits in examining whether a subsequent petition is successive."); *Henderson v. Lampert*, 396 F.3d 1049 (9th Cir. 2005) *quoting Howard v. Lewis*, 905 F.2d 1318, 1323 (9th Cir. 1990) ("the dismissal of a federal *habeas* petition on the ground of state procedural default is a determination 'on the merits' for the purposes of the successive petition doctrine."); *Harvey v. Horan*, 278 F.3d 370, 380 (4th Cir. 2002) (the district court's dismissal of petitioner's original *habeas* petition for procedural default was a dismissal on the merits; therefore his current petition is a successive petition for a writ of *habeas corpus*.); *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000) (Since his initial §2254 application was dismissed for un-excused procedural default the dismissal was "on the merits," and therefore petitioner's current application is a "second or successive *habeas corpus* application" under § 2254(b)); *see also In re Bagwell*, 401 F.3d 312 (5th Cir. 2005).

[3] 28 U.S.C. § 2244(b)(3)(A) provides in part, "[b]efore a second or successive application permitted by this section [§ 2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

[4] Although some district courts have transferred second or successive petitions to the Fifth Circuit for authorization, a transfer is not mandatory. *See In Re Epps*, 127 F.3d 364 (5th Cir. 1997) (adopting a procedure to be used when a successive petition filed without prior authorization is transferred). Under the facts and circumstances of this case, the undersigned concludes that the appropriate action for this Court to take is to dismiss this action due to petitioner's failure to obtain proper authorization from the United States Fifth Circuit Court of Appeals.

**IT IS RECOMMENDED** that the instant action be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be

provided to the District Judge at the time of filing.

In Chambers, Lafayette, Louisiana, on June 16, 2015.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE